UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RHETT SMITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | **CIVIL ACTION NO.** |
| **JOHN HAGEE,** | § | |
| **JOHN HAGEE MINISTRIES,** | § | **SA-06-CA-0902 RF (NN)** |
| a corporation, | § | |
| **JOHN HAGEE ENTERPRISES,** | § | |
| also known as Cornerstone Church, | § | |
| a corporation, | § | |
| **CHRISTIANS UNITED FOR ISRAEL,** | § | |
| a corporation, and | § | |
| **GEORGE BUSH, President of the** | § | |
| **United States,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER STRIKING MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is plaintiff Rhett Smith's application for a temporary restraining order (docket entry # 3). Smith's application is a one-page document, bearing only the style of this case, Smith signature, and the caption "Emergency (Temporary Injunction) Restraining Order to Cause Defendants to Immediately Cease and Desist from Actions Stated in Complaint (    )." Because the document includes the language "emergency restraining order" and refers to Smith's complaint, I have construed the document as an application for a temporary restraining order.

Rule 65 of the Federal Rules of Civil Procedure provides for a temporary restraining order "if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney

certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."[1] Smith's application does not include an affidavit, or a verified complaint, reflecting facts indicating immediate and irreparable injury, loss, or damage will result before the defendants in this case can be heard.  In addition, Smith did not certify in writing his efforts to give the notice of his application and the reasons supporting any claim that notice should not be required.  As a result, Smith's application does not comply with Rule 65.

In addition, Smith's application does not comply with Local Court Rule 7.  Under that rule, motions must include the specific legal authorities supporting the movant's arguments for relief, and discuss the movant's good-faith attempt to resolve the disputed matter by agreement or certify the specific reason no agreement could be reached.  Smith's motion does not include legal authority or discuss his efforts to resolve his dispute by agreement.

For these reasons, it is ORDERED that Smith's application (docket entry # 3) is STRICKEN for failure to comply with Rule 65 of the Federal Rules of Civil Procedure and Local Court Rule 7.

**SIGNED** on November 28, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[1] FED. R. CIV. P. 65(b).