UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RHETT SMITH, § § Plaintiff, § v. § § CIVIL ACTION NO. JOHN HAGEE, § JOHN HAGEE MINISTRIES, § SA-06-CA-0902 RF (NN) a corporation, § JOHN HAGEE ENTERPRISES, § also known as Cornerstone Church, § a corporation, § CHRISTIANS UNITED FOR ISRAEL, § a corporation, and § GEORGE BUSH, President of the § United States, § § Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**
**REGARDING DEFENDANTS' MOTIONS TO DISMISS**

**TO:** **Hon. Royal Furgeson**
   **United States District Judge**

This memorandum and recommendation addresses motions to dismiss filed by the defendants in this case (docket entry #s 5 & 12). I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[1] After considering the motions, I recommend dismissing this case.

---

[1] *See* docket entry # 6.

## Procedural Background

Initially, plaintiff Rhett Smith moved to proceed *in forma pauperis* in this case.[2] Three days later, Smith paid the filing fee and the Clerk of this Court filed Smith's complaint.[3] The complaint named Pastor John Hagee, John Hagee Ministries, John Hagee Enterprises, Christians United for Israel—hereinafter, the Hagee defendants—and President George Bush as defendants. All defendants moved to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[4] Smith responded to both motions.[5]

## Standards for a Motion to Dismiss

A defendant in a civil action may move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure to challenge the subject matter jurisdiction of the district court to hear a case.[6] "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction."[7] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction; thus, the plaintiff bears the burden of demonstrating jurisdiction exists.[8] In determining whether it has jurisdiction, the district court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

---

[2] *See* docket entry # 1.

[3] *See* docket entry # 2.

[4] *See* docket entry #s 5 & 12.

[5] *See* docket entry #s 9 & 18.

[6] FED. R. CIV. P. 12(b)(1).

[7] *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir.1981).

[8] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

supplemented by undisputed facts plus the court's resolution of disputed facts."[9]

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief may be granted."[10] To prevail in a Rule 12(b)(6) motion, the movant must prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."[11] In determining whether the movant has met this burden, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."[12] "Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[13]

### Claims against the Hagee Defendants

The Hagee defendants maintain that Smith has failed to state a claim upon which relief may be granted and that they are entitled to dismissal of Smith's claims under Rule 12(b)(6). I agree. Smith complains about a violation of civil rights through the expression of religious views with which Smith disagrees. Smith brings his claims under 42 U.S.C. §§ 1981 and 1983, and the First Amendment of the United States Constitution. Viewed as true, Smith's factual allegations show that he cannot prevail on his claims because he has alleged no state action.

To state a claim for relief in an action brought under § 1983, a plaintiff must establish that

---

[9]*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

[10]FED. R. CIV. P. 12(b)(6).

[11]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[12]*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[13]*Eason v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996).

he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."[14]  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[15]  An action under § 1981 also requires the under-color-of-state-law element.[16]  Here, Smith complains about private conduct that was not under the color of state law.  Instead, Smith complains about private conduct by private individuals and private entities—not state action.  Specifically, Smith complains that Hagee "frequently expresses 'from the pulpit' of a registered 'tax-exempt religious' organization—Cornerstone Church—his Zionist agenda/goal of political/military domination in certain Middle Eastern geographical locations and further expresses legitimacy for such statement because of his own interpretation of so-called 'Christian Zionist' doctrine/literature—for instance often referring to 'the Bible.'"[17]  He further complains as follows:

> John Hagee, similar to above defendant –President George Bush, has also used the words "Islamic-fascist" or Islamo-fascist" in his official capacity with the above named non-profit organizations.  Because of John Hagee's official capacity in organizations that enjoy 'privileged relationships' with the United States government, his Zionist agenda/goals violate the **tax laws and regulations** of our nation and therefore the privileged status under said laws of above named non-profit organizations must be revoked.[18]

---

[14]*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[15]*Sullivan*, 526 U.S. at 50.

[16]*See* 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.").

[17]*See* docket entry # 2, p. 2.

[18]*Id*.

Smith asserts that the Hagee defendants have violated the civil rights of all Americans by broadcasting on "Federal Communications Commission (FCC) regulated frequencies."

Although Smith suggests that the Hagee defendants have acted under the color of state law by broadcasting religious views via federally-regulated forms of communication, such broadcasting does not transform what is otherwise private expression into state action.

> [T]he First Amendment, the terms of which apply to governmental action, ordinarily does not itself throw into constitutional doubt the decisions of private citizens to permit, or to restrict, speech—and this is so ordinarily even where those decisions take place within the framework of a regulatory regime such as broadcasting.[19]

Smith also suggests that status as a tax-exempt agency transforms otherwise private action into state action, but obtaining tax-exempt status does not convert a private entity's action into state action. Even if the Hagee defendants operate in a tax-exempt status, they do not represent state actors. Smith complains only about private expression which with he disagrees. He has not alleged any state action that could serve as a basis for a claim upon which relief may be granted. Without allegations of state action, Smith has failed to state a claim upon which relief may be granted. Consequently, the Hagee defendants are entitled to dismissal of Smith's claims.

## Claims Against President Bush

President Bush maintains that he is protected from suit by sovereign immunity and that he is entitled to dismissal of Smith's claim under Rule 12(b)(1). I agree. Smith has sued George Bush in his official capacity as President of the United States of America. Smith's complaint identifies President Bush as a defendant as "President of the United States,"[20] and complains that

---

[19]*Denver Area Educ. Telecommunications Consortium v. F.C.C.*, 518 U.S. 727, 737 (1996).

[20]*See* docket entry # 2, ¶¶ 2, 5 & 6.

President Bush used the phrase "Islamic-fascist", as reported in an article published in the *Washington Post*. Smith asserts that "[s]uch 'hate speech' by a 'State actor' acting under 'color of law' violated civil rights of every Muslim or any other person respecting religion of Islam."[21] Smith asks the court to "permanently cause . . . President of the United States-George Bush . . . to cease and desist from any and all of the above stated actions, which so clearly undermine freedom and democracy and subject Americans to the whim of a few 'acting under color of law.'"[22] Smith pursues his claim as a civil rights lawsuit under 42 U.S.C. §§ 1981 and 1983.

A lawsuit against a government official in his official capacity is "another way of pleading an action against an entity of which an officer is an agent,"[23] and is treated as a lawsuit against the entity itself so "long as the government entity receives notice and an opportunity to respond."[24] Because Smith has sued a government official in his official capacity, Smith's claims against President Bush are appropriately treated as claims against the United States government.

Under the doctrine of sovereign immunity, the federal government cannot be sued unless it consents to be sued.[25] For the federal government to consent to be sued, Congress must expressly waive sovereign immunity.[26] Congress has not waived sovereign immunity for what

---

[21] Docket entry # 2, ¶ 5.

[22] *Id*. at ¶ 6.

[23] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal citations omitted).

[24] *Graham*, 473 U.S. at 166.

[25] *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[26] *See Boudreau v. United States*, 53 F.3d 81, 83 (5th Cir. 1995).

Smith seeks. "[S]uits against the United States brought under the civil rights statutes are barred by sovereign immunity."[27] Because Smith's claims are barred by sovereign immunity, no jurisdiction exists over his claim and the claim must be dismissed.

## Motion to Amend

In his response to the Hagee defendants' motion to dismiss, Smith asked for leave to amend his complaint to add Global Evangelism, Inc. d/b/a Cornerstone Church as a defendant in this case.[28] Cornerstone Church, however, would be entitled to dismissal of Smith's claims for the same reasons the Hagee defendants are entitled to dismissal of Smith's claims. Consequently, no reasons exists to add Cornerstone Church as a defendant and the motion to amend should be denied.

## Recommendation

Because Smith has failed to allege state action, he has failed to state a claim upon which relief may be granted. Consequently, the Hagee defendants are entitled to dismissal of Smith's claims. Therefore, I recommend GRANTING the Hagee defendants' motion to dismiss (docket entry # 5). If Smith were permitted to amend his complaint to add Cornerstone Church as a defendant, Cornerstone Church would be entitled to dismissal of Smith's claims for the same reasons the Hagee defendants are entitled to dismissal. I, therefore, recommend DENYING Smith's motion to amend his complaint (docket entry # 9).

Because Smith has sued President Bush in his official capacity, Smith's claims are appropriately treated as claims against the United States government. The court has no

---

[27]*Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

[28]*See* docket entry # 9.

jurisdiction over civil right suits against the federal government, and consequently, President Bush is entitled to dismissal of those claims. I, therefore, recommend GRANTING President Bush's motion to dismiss (docket entry # 12).

If the District Court accepts these recommendations, no claims or parties will remain in this case.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[29] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[30] Additionally, failure to file timely written objections to the proposed findings, conclusions and

---

[29] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[30] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[31]

**SIGNED** on March 5, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[31]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).